IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VARNELL JOHNSON<br>1622 East Washington Ln.<br>Philadelphia, PA 19138<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WORDSWORTH ACADEMY<br>3905 Ford Road<br>Philadelphia, PA 19131<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Varnell Johnson (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against the Wordsworth Academy for violations of the Americans with Disabilities Act ("ADA" -42 U.S.C. §§ 12101 *et seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania state law. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because it contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. At all relevant times herein, Plaintiff was employed with Defendant.

8. Defendant is a non-profit organization that provides a variety of educational services, behavioral health treatment, and child welfare services to children, adolescents and families.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

10. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff worked for Defendant for approximately six (6) years as an RTF Counselor.

13. In or about May of 2013, Plaintiff suffered a work-related injury while performing work for Defendant.

14. Plaintiff's May, 2013 work-related injury was reported to Defendant's management and Plaintiff sought worker's compensation benefits for such injury.

15. Since May of 2013, Plaintiff has and continues to suffer from various disabilities, including but not limited to knee and ankle issues, which developed from his aforesaid work-related injury.

3

16.     Plaintiff's aforementioned medical conditions, at times, prevents him from performing some daily life activities, including but not limited to working, walking, and performing manual tasks.

17.     Despite Plaintiff's aforesaid health conditions, he was, at all relevant times herein, able to perform the duties of his job well with Defendant; however, at times, Plaintiff required reasonable accommodations (discussed further *infra*).

18.     As a result of Plaintiff's aforesaid health conditions, Plaintiff had to undergo approximately three (3) different surgeries between October of 2013 and November of 2014, all of which required him to take intermittent and/or block medical leave (FMLA-qualifying leave and reasonable accommodations under the ADA).

19.     Shortly before his last surgery in or about October of 2014, Plaintiff hired a worker's compensation attorney and filed a worker's compensation claim, as he believed that Defendant was not properly handling his worker's compensation matter.

20.     In or about October of 2014, Plaintiff requested and took a block medical leave from in or about October of 2014 through in or about February of 2015, wherein he had to undergo emergency surgery for his aforesaid health conditions.

21.     At no point in time between October of 2013 and February of 2015, when Plaintiff requested and/or took intermittent or block medical leave for his aforesaid serious health conditions, did Defendant inform Plaintiff of his individualized FMLA rights or designate his medical leaves as FMLA-qualifying.

22.     When Plaintiff returned from his aforesaid medical leave in or about February of 2015, he requested reasonable accommodations, including but not limited to the ability to take periodic rests and the ability to prop his leg up when needed.

4

23. In response to Plaintiff's aforesaid requests for accommodations (as described in Paragraphs 21-23 of this Complaint) and his aforesaid worker's compensation claim, he was faced with hostility and animosity by Defendant's management, including but not limited to Samerea Speaks [spelled phonetically] - Director, Ashton Hall – Team Leader, and Ricky Hall – Supervisor, who would often treat Plaintiff in a rude and condescending manner and question Plaintiff about his need to take periodic rests and prop his leg up when needed.

24. Further examples of the hostility and animosity that Plaintiff faced as a result of his aforesaid disabilities and need for accommodations, included but was not limited to denying Plaintiff overtime work, issuing him pretextual discipline, and generally treating him in a discriminatory and disparate manner.

25. In or about April of 2015, Plaintiff requested and took intermittent time off from work to care for and treat for his father who had suffered a diabetic coma as a result of his serious health conditions.

26. Again, at no point in time while Plaintiff was requesting or taking intermittent time off from work to care for and treat for his father's serious health conditions did Defendant inform Plaintiff of his individualized FMLA rights or designated such leave as FMLA-qualifying. Instead, Plaintiff was suspended for five (5) days as a result of missing time from work that should have been FMLA protected.

27. After Plaintiff's suspension (discussed *supra*), he complained to Defendant's management, including but not limited his supervisor, Ricky Hall, that he felt that he was being targeted because of his aforesaid injuries/health conditions.

28. In or about early November of 2015, Plaintiff was wrongly accused of abusing a patient; however, this matter was investigated and deemed unfounded.

29. Within two days after Plaintiff's initial allegation of abuse in or about November of 2015 (discussed in Paragraph 29 of this Complaint), Plaintiff was again wrongfully accused of abusing another client by hitting this client with a belt (which is completely false and baseless).

30. In response to the second allegation of abuse against Plaintiff in November of 2015 (discussed *supra*), Plaintiff was involuntarily forced out of work and later terminated in February of 2016 – nearly three (3) months after being initially placed on an involuntary leave.

31. Plaintiff was informed in or about February of 2016 that he was being terminated for an alleged rule violation; supposedly for not using proper technique when dealing with a client.

32. In Defendant's position statement, filed in response to Plaintiff's EEOC charge of discrimination, Defendant changed its reasoning for terminating Plaintiff and indicated that they terminated Plaintiff for "performance."

33. Plaintiff believes and therefore avers that he was terminated because of his actual/perceived/record of disabilities, in retaliation for requesting workers' compensation benefits, in retaliation for requesting reasonable accommodations, and/or in retaliation for complaining of discrimination.

### COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Defendant is an "employer" for purposes of the ADA because it has and continues to employ over 15 employees per year in this or the preceding year.

36. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued pretextual discipline, suspended, and ultimately terminated due to his [1]

actual disabilities and/or perceived disabilities; [2] record of impairment; [3] requests for reasonable accommodations; and/or [4] complaints of discrimination.

37. These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

40. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

41. Plaintiff had at least 1,250 hours of service with the Defendant prior to requesting FMLA-qualifying leave from Defendant.

42. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

43. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis for his own serious health conditions and/or for his father's serious health conditions.

44. Defendant committed interference and retaliation violations of the FMLA by: (1) disciplining and terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the

decision to issue him discipline and/or terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights; (4) counting FMLA-qualifying time off from work against Plaintiff when issuing him discipline; and/or (5) disciplining and/or terminating Plaintiff to prevent him from taking further FMLA-qualifying leave in the future.

45. These actions as aforesaid constitute violations of the FMLA.

## COUNT III
### Violation of the Pennsylvania Common Law
### (Public Policy Violation - Workers' Compensation Retaliation)

46. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

47. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

48. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

49. The exhibited hostility from Defendant's management after Plaintiff sought workers' compensation benefits and/or filed a claim for workers' compensation (discussed *supra*) creates an inference that his termination was in retaliation for making such a claim and/or seeking such benefits.

50. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.  Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 2, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Varnell Johnson : CIVIL ACTION
v. :
:
Wordsworth Academy : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       (X)

| 11/3/2016 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1622 East Washington Lane, Philadelphia, PA 19138

Address of Defendant: 3905 Ford Road, Philadelphia, PA 19131

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11/3/2016   _____   ARK2484
                  Attorney-at-Law   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/3/2016   _____   ARK2484
                  Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHNSON, VARNELL

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
WORDSWORTH ACADEMY

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/3/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ] [ Save As... ] [ Reset ]